IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISAAC BERHE, et. al., | CASE NO. 5:13-cv-00230 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| BANK OF AMERICA, et. al., | [Docket Item No(s). 19, 25, 27, 31] |
| Defendant(s). | |

Presently before the court are three motions relating to the Complaints filed by Plaintiffs Isaac Berhe ("Berhe"), Aschilew Jember ("Jember"), and Anita Zumel ("Zumel"): (1) a Motion to Dismiss or for a more definite statement filed by Defendants Bank of America, N.A. ("Bank of America") and Recontrust Company, N.A. ("Recontrust"); (2) a Motion to Dismiss filed by Defendants Timothy Glen Yu and Helen Wang Yu;[1] and (3) a Motion to Dismiss filed by Defendants JPMorgan Chase Bank, N.A. ("Chase") and Jamie Dimon ("Dimon").[2] See Docket Item Nos. 19, 27, 31.

Having carefully reviewed these motions, the court finds them suitable for decision without

---

[1] Because the Yu's have indicated their intent to defend this action by filing a Motion to Dismiss, Plaintiffs' Motion for Default Judgment (Docket Item No. 25) must be DENIED. Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003).

[2] In this Order, the court will refer to Plaintiffs Berhe, Jember and Zumel collectively as "Plaintiffs." All defendants named in all Complaints will be referred to collectively as "Defendants."

1
CASE NO. 5:13-cv-00230 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the motion hearing and Case Management Conference scheduled for May 10, 2013, will be vacated. For the reasons explained below, the court has determined that Plaintiffs did not state a claim under the federal statutes cited in the pleadings, rendering questionable the basis for federal jurisdiction. The Motions to Dismiss will therefore be granted.

## I. BACKGROUND

On January 17, 2013, Berhe and Jember filed a Complaint against Bank of America asserting causes of action for fraud, criminal conspiracy, racial hate crime, retaliation, and discrimination. See Docket Item No. 1 ("Complaint I"). Although the factual scenario described is not entirely clear, Berhe and Jember seem to allege that Bank of America's method of servicing their refinance loan constituted a "racial hate crime" in association with the County of Santa Clara's "Institutional Racist Pilot Program." Bank of America's allegedly fraudulent practices may have resulted in the foreclosure of real property located in Santa Clara, California.

Berhe and Jember filed another pleading on January 25, 2013, entitled "Plaintiffs' Supplement Complaint." See Docket Item No. 8 ("Complaint II"). Aside from naming additional defendants, the factual allegations contained in Complaint II are identical in substance to those contained in Complaint I.

On February 28, 2013, Jember and Zumel filed a pleading entitled "Plaintiffs' Additional Claim for Damages" asserting cases of action for fraud and deceit, retaliation, criminal conspiracy, and racial hate crime against Chase and Dimon. See Docket Item No. 15 ("Complaint III"). In allegations similar to those against Bank of America, Jember and Zumel allege in Complaint III that Chase and Dimon fraudulently serviced a different refinance loan obtained in 1993.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is

2
CASE NO. 5:13-cv-00230 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1  appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a
2  cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.
3  2008). Moreover, the factual allegations "must be enough to raise a right to relief above the
4  speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.  DISCUSSION

#### A.  Plaintiffs' Pleadings

The court must begin by addressing the state of Plaintiffs' pleadings. As described, Plaintiffs have filed three documents containing causes of action against Defendants, any one of which could be deemed some type of complaint. Other than Complaint I, the obvious purpose of which was to commence this action, the function of the subsequent two pleadings is not entirely clear. Complaint II is entitled "Supplemental Complaint" but does not qualify as a supplemental pleading because it neither alleges facts occurring after the original pleading was filed nor did Plaintiffs obtain leave of court before filing it. See Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); see also ConnectU LLC v. Zuckerberg, 522 F.3d 82, 90 (1st Cir. 2008) ("An amended complaint sometimes can be filed 'as a matter of course,' Fed. R. Civ. P. 15(a); a supplemental complaint cannot."). That being the case, Complaint II must be an amended complaint, if anything, and must have superseded

3
CASE NO. 5:13-cv-00230 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1  Complaint I when it was filed. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]n
2  amended pleading supersedes the original pleading . . . . after amendment the original pleading no
3  longer performs any function and is treated thereafter as non-existent." (internal quotations and
4  citations omitted)). The court will deem it as such since the parties have done so as well.[3]

Complaint III presents a more difficult question when it comes to its characterization. It cannot be a supplemental complaint for the same reasons as Complaint II. It also cannot qualify as an amended complaint because Plaintiffs had already utilized their one-time right to amend without leave of court when filing Complaint II. See Fed. R. Civ. P. 15(a). However, the court has inferred Plaintiffs' intent from Complaint III's content and finds it appropriate to construe Complaints II and III together as a single pleading - as if the two had been filed as one document. Doing so appropriately reconciles the need to liberally construe pro se pleadings with Defendants' desire to efficiently resolve the issues raised by the motions. See Abassi v. INS, 305 F.3d 1028, 1032 (9th Cir. 2002).

### B. Federal Jurisdiction and Failure to State a Claim

Having determined which pleadings control, the next issue is the court's ability to hear this action, which under these circumstances depends on whether Plaintiffs have stated a federal claim.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331, 1332. For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's

---

[3] According to its pleading, Bank of America directed the Motion to Dismiss at Complaint I rather than Complaints II or III because "these documents do not appear to have been served on any Defendant." See Mot. to Dismiss, Docket Item No. 19, at p. 1 n. 1. The court cannot confirm whether or not this statement is true because Plaintiffs have not filed affidavits consistent with Federal Rule of Civil Procedure 4(l)(1). However, the court notes that all Defendants have filed a Motion to Dismiss, including Recontrust, which apparently joins in Bank of America's Motion despite the fact it was not named as a defendant in Complaint I. Thus, Bank of America must have considered Complaint II in considering how to respond otherwise Recontrust would have no reason to appear in this action. In any event, Complaints I and II are nearly identical, the only material difference being the addition of named defendants. For this reason, there is no prejudice to any party if Bank of America's Motion to Dismiss is examined with regard to Complaint II.

United States District Court
For the Northern District of California

right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). For diversity, federal courts have original jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end, "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiffs have asserted both federal question and diversity jurisdiction in different versions of the Complaint. However, Plaintiffs' allegations in support of diversity demonstrate that jurisdiction on that basis simply does not exist. Plaintiffs each reside in California. See Compl. I, at ¶¶ 2,3; Compl. III, at ¶ 2. Apparently, so do all the defendants for which jurisdictional allegations are provided. See Compl. I, at ¶ 3; Compl. II, at ¶¶ 3, 4; Compl. III, at ¶ 3. Because California individuals and entities appear on both sides of this case diversity is not complete and, for that reason, jurisdiction does not arise under 28 U.S.C. § 1332. Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").

This leaves jurisdiction under 28 U.S.C. § 1331 based on the presence of a federal question. In Complaint III, Plaintiffs allege a federal question under 42 U.S.C. § 2000e-5. See Compl. III, at § 4. But that section, which by its own terms governs the prevention of "unlawful employment practices" based on discrimination, does not apply to the facts alleged here. Indeed, this action stems from allegations of improper lending activity which, it seems, may have resulted in a foreclosure. There are no facts related to workplace discrimination and none of the Defendants are alleged to have been Plaintiffs' employer.

The same can be said about Plaintiffs' reference to "Title VII of the Civil Rights Act of 1994." Assuming Plaintiffs' meant to reference Title VII of the Civil Rights Act of 1964, that

collection of statutes "proscribes various *employment practices* involving discrimination on the basis of 'race, color, religion, sex, or national origin'" and encompasses § 2000e-5. EEOC v. Fed. Express Corp., 558 F.3d 842, 849 (9th Cir. 2009) (emphasis added). Again, workplace discrimination is not raised by alleged facts. Accordingly, federal question jurisdiction cannot be based on § 2000e-5 or any cause of action under Title VII because Plaintiffs have not stated a claim under the only federal statutes cited in their pleadings, even assuming all factual allegations are true and liberally construing the pleadings. The Motions to Dismiss must therefore be granted.

Whether this dismissal should be with or without leave to amend depends on whether Plaintiffs could possibly cure the defects in pleading and, potentially, in jurisdiction. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Based on the facts alleged, Plaintiffs may be able to clarify the federal statue or other authority upon which any of their claims are based. They will be permitted leave to do so in an amended complaint.

## IV. ORDER

Based on the foregoing, Defendants' Motions to Dismiss (Docket Item Nos. 19, 27, 31) are GRANTED. Complaints II and III are DISMISSED WITH LEAVE TO AMEND since, in their current form, Plaintiffs have not stated a claim under Title VII of the Civil Rights Act of 1964 and have not demonstrated a basis for federal jurisdiction.

On or before **May 28, 2013**, Plaintiffs may file *one* amended complaint which must: (1) include all causes of action Plaintiffs are asserting against Defendants, and (2) clarify the basis for this court's subject matter jurisdiction by naming the federal statute or law upon which any of the claims are based. Multiple versions or supplements to the amended complaint will not be considered unless Plaintiffs obtain leave of court *in advance of filing* pursuant to Federal Rule of Civil Procedure 15.

Plaintiffs are advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action without further notice.

Because the Complaint is presently dismissed in its entirety, the court declines to set a case management schedule at this time. However, the court will address scheduling issues as raised by

the parties should it become necessary.

The hearing and Case Management Conference scheduled for May 10, 2013, are VACATED.

**IT IS SO ORDERED.**

Dated: May 7, 2013

_____
EDWARD J. DAVILA
United States District Judge