IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISAAC BERHE, et. al., | CASE NO. 5:13-cv-00230 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| BANK OF AMERICA, et. al., | [Docket Item No(s). 61, 63, 65] |
| Defendant(s). | |

In this action involving the intersection of civil rights, real property and consumer lending, Plaintiffs Aschilew Jember, Isaac Berhe and Anita Zumel (collectively, "Plaintiffs") bring a number of claims against Defendants Bank of America, N.A., Recontrust Company, N.A., Timothy Glen Yu, Helen Wang Yu, JPMorgan Chase Bank and Jamie Dimon (collectively, "Defendants"). See Docket Item Nos. 57, 58.[1] The court previously dismissed the multiple complaints filed by Plaintiffs since, at that time, Plaintiffs had not sufficiently demonstrated a basis for federal jurisdiction. See Order, Docket Item No. 53.

Plaintiffs have now attempted to assert claims created by federal statutes, namely 42 U.S.C. §§ 1981, 1983 and 1985, as well as 18 U.S.C. § 241. As such, jurisdiction arises pursuant to 28

---

[1] The pleading appearing at Docket Item No. 57 is hereinafter referred to as the "JPMorgan Complaint." The pleading at Docket Item No. 58 will be the "Bank of America Complaint."

1
CASE NO. 5:13-cv-00230 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
For the Northern District of California

U.S.C. § 1331 because a federal question appears on the face of the pleading(s).[2] See Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

In three motions presently before the court, Defendants again argue that this action should be dismissed. See Docket Item Nos. 61, 63, 65. Since the issue of jurisdiction is now settled, the court will proceed to the arguments under Federal Rule of Civil Procedure 12(b)(6). Doing so reveals that Defendants' arguments in favor of dismissal are meritorious. Accordingly, the motions will be granted for the reasons explained below.

## I. BACKGROUND

The pleadings are not models of clarity. The court recognizes that Plaintiffs are proceeding without legal representation, though, and has afforded them appropriate latitude.[3] See Abassi v. INS, 305 F.3d 1028, 1032 (9th Cir. 2002). But only those facts most relevant to resolving the instant motions are recounted below.

### A. The Bank of America Complaint

This pleading involves Jember and Berhe as plaintiffs and Bank of America, Recontrust, and the Yu's as defendants.

According to judicially-noticeable documents, Berhe obtained a residential loan in the amount of $263,000.00 from Quicken Loans, Inc., which was secured by a Deed of Trust recorded on February 12, 2008, encumbering real property on Quince Avenue in Santa Clara, California. See

---

[2] But contrary to Plaintiffs' allegations, jurisdiction does not arise based on diversity because, when this action is taken as a whole, parties domiciled in California appear on both sides. See 28 U.S.C. § 1332; Diaz v. Davis (In re Digimarc Corp. Derivative Litig.), 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity."). This becomes more important later.

[3] Appropriate latitude might be an understatement. Plaintiffs blatantly violated a court order by again presenting multiple complaints without permission to do so. See Order, Docket Item No. 53 ("Plaintiffs may file one amended complaint . . . . Multiple versions or supplements to the amended complaint will not be considered unless Plaintiffs obtain leave of court in advance of filing pursuant to Federal Rule of Civil Procedure 15."). Under these circumstances, the court could either choose one of the two pleadings to be the true amended complaint or could dismiss this case altogether on appropriate findings. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1991). The court will not do so, however, for the sake of a resolution of all claims against all parties. Thus, as it did before, the court will construe the two complaints as one amended complaint for the purpose of this analysis.

1 Req. for Judicial Notice, Docket Item No. 62, at Ex. A.[4]  The Deed of Trust was assigned from
2 Quicken Loans to Bank of America according to a document recorded on May 23, 2012, and
3 Recontrust was substituted as trustee on September 5, 2012.  Id. at Exs. B, C.  Recontrust then
4 recorded a Notice of Default on the same day of its substitution.  Id. at Ex. D.  A trustee's sale
5 occurred on January 9, 2013, and the property was purchased by the Yu's.  Id. at Ex. E.

6 Jember's involvement in this particular factual scenario is not entirely clear since his name
7 does not appear on the Deed of Trust despite the allegation that he and Berhe "refinanced" in 2007.
8 See Bank of America Compl., at ¶ 11.  In any event, it is alleged that he made certain payments on
9 the debt.  Id. at ¶¶ 14, 18.

10 **B.    The JPMorgan Complaint**

11 This pleading involves Jember and Zumel as plaintiffs and JPMorgan and Dimon as
12 defendants.  Although there are no allegations to establish this fact, it is widely known that Dimon is
13 JPMorgan's Chief Executive Officer.

14 As far as a relationship between these parties, documents subject to judicial notice reveal that
15 one exists at least with regard to Zumel.  It appears Zumel obtained a residential loan in the amount
16 of $100,000.00 from Great Western Bank, which was secured by a Deed of Trust recorded on
17 January 21, 1993, encumbering real property on Bowers Avenue in Santa Clara, California.  See
18 Req. for Judicial Notice, Docket Item No. 64, at Ex 2.  A Notice of Default and a Notice of Trustee's
19 Sale were thereafter recorded by California Reconveyance Company on November 21, 2003, and
20 February 25, 2004, respectively.  Id. at Exs. 3, 4.  The default was eventually rescinded, though, by a
21 notice recorded on April 7, 2004.  Id. at Ex. 5.

22 Washington Mutual Bank became the successor in interest to Great Western Bank at some
23 point, and, on September 25, 2008, JPMorgan acquired all of Washington Mutual's servicing rights
24 and obligations, which apparently included the right to service Zumel's loan.  Id. at Ex. 6.
25 JPMorgan then assigned Zumel's Deed of Trust ostensibly to itself on March 15, 2013.  Id. at Ex. 7.
26 Another assignment between the Federal Deposit Insurance Corporation and JPMorgan was then

---

[4] Defendants' requests for judicial notice are GRANTED to the extent referenced herein. Fed. R. Evid. 201(b)(2).

United States District Court
For the Northern District of California

recorded on March 27, 2013. Id. at Ex. 8.

For his part, it seems Jember's involvement again stems from his contributions to Zumel's debt, since he allegedly made payments to Great Western Bank and Washington Mutual at various times throughout the life of the loan. See JPMorgan Compl., at ¶¶ 11, 15, 21.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

## III.  DISCUSSION

Plaintiffs assert the same causes of action against all Defendants, albeit listed in a different order, in their two pleadings: (1) fraud, (2) discrimination, (3) retaliation, (4) criminal conspiracy, and (5) "racial hate crime." Plaintiffs also cite the same federal laws. Liberally construing the

4
CASE NO. 5:13-cv-00230 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

pleadings with these similarities in mind, the court understands the discrimination, retaliation, criminal conspiracy and "racial hate crime" claims to each be encompassed by four statutes: 42 U.S.C. §§ 1981, 1983 and 1985, and 18 U.S.C. § 241.  Defendants argue Plaintiffs have failed to state a claim under any these statutes.  The court agrees.

### A.     42 U.S.C. § 1981

Section 1981 states in pertinent part: "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment."  42 U.S.C. § 1981(a).  "To state a claim pursuant to section 1981, a plaintiff must allege (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute."  Keum v. Virgin America Inc., 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011).  This section, unlike some other civil rights statutes, prohibits discrimination by both governmental and non-governmental actors.  See 42 U.S.C. § 1981(c).

The amended pleadings contain one collection of alleged facts that seems most relevant to a discrimination claim under § 1981.  Inasmuch as the court understands it, Plaintiffs contend that the loan servicing methods used by Bank of America and Chase constitute a "racial hate crime" in association with Santa Clara County's "Institutional Racism Pilot Program," all of which resulted in manufactured defaults against Plaintiffs and an ensuing foreclosure and sale of Berhe's property.

Unfortunately, these allegations are not sufficient to state a claim.  While they may generally satisfy the third element since the factual scenario relates to contracts and property, the two preceding elements are not satisfied in any sense.  Indeed, Plaintiffs have not explicitly alleged that they are each members of a racial minority.  But even if they are, there are still no facts linking the lending activity to an intent to discriminate against Plaintiffs on the basis of their race.  See Mesumbe v. Howard University, 706 F. Supp. 2d 86, 92 (D.D.C. 2010) ("To plead intentional discrimination, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that race was the reason for defendant's action.").

1      Moreover, as detailed above, judicially-noticeable documentation explains exactly what
2 occurred here. Berhe and Zumel defaulted on their loans, and Bank of America and Chase
3 responded in the same way banks respond in any default situation: by recording a Notice of Default
4 and Trustee's Sale and then completing the foreclosure process when the default is not cured. What
5 Plaintiffs have done in their pleadings is taken these rather ordinary facts and created an elaborate
6 narrative to explain it in a way which connects it to an underlying racist motive. But these vague
7 allusions to Defendants' involvement in some governmental scheme to test-run systematic racism
8 consist of nothing more than bare, and frankly improbable, assertions of undefined conspiracy. That
9 speculative theory falls far short from articulating a cognizable legal theory or stating a claim under
10 § 1981.

11      Accordingly, all claims under 42 U.S.C. § 1981 will be dismissed.

12   **B.     42 U.S.C. §§ 1983 and 1985**

13      Looking now to § 1983, Plaintiffs allegations are equally deficient to support liability under
14 that statute. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured
15 by the Constitution and laws of the United States, and must show that the alleged deprivation was
16 committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).
17 In other words, two factual elements are required: (1) "the plaintiff must allege that some person has
18 deprived him of a federal right," and (2) "he must allege that the person who has deprived him of
19 that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980).
20 This framing was adopted because "§ 1983 excludes from its reach merely private conduct, no
21 matter how discriminatory or wrong." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50
22 (1999).

23      Here, Plaintiffs have not satisfied either element of a § 1983 claim. The federal right
24 Defendants apparently violated is not stated. And aside from the insufficient conspiracy allegations,
25 Plaintiffs do not otherwise explain how these private-actor Defendants were acting under color of
26 state law when all they collectively did was service residential loans, commence foreclosure
27 proceedings, and then buy a property at a trustee's sale. That is not enough to bring purely private
28 conduct within the purview of § 1983, even under the conspiracy theory asserted by Plaintiffs. See

6
CASE NO. 5:13-cv-00230 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Price v. Hawaii, 939 F.2d 702, 707-708 (9th Cir. 1991) ("Private parties are not generally acting under color of state law."); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (holding that a § 1983 conspiracy claim requires "an agreement or meeting of the minds to violate constitutional rights.").

As to § 1985, a viable claim under that statute can only exist along with a cognizable § 1983 claim. See Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."). Since Plaintiffs' § 1983 claim is unsupportable, so is the claim under § 1985.

Accordingly, all claims under 42 U.S.C. §§ 1983 and 1985 will be dismissed.

### C. 18 U.S.C. § 241

Plaintiffs also invoke a criminal statute, 18 U.S.C. § 241. But any cause of action under this section cannot go forward in this case because it provides no basis for civil liability. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, all claims under § 241 are precluded as a matter of law and must be dismissed.

### D. Leave to Amend and Other Matters

The court must now determine whether Plaintiffs should be granted leave to amend. "A district court may deny leave to amend when amendment would be futile." Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013). Such is the case here. For those claims not barred as a matter of law, the court finds that the documents produced by Defendants and properly subject to judicial notice belie Plaintiff's theories of liability based on a public-private racial conspiracy to steal their property. That being the case, the federal claims will be dismissed without leave to amend.

This leaves Plaintiffs' state-law fraud claims, over which the court declines to exercise supplemental jurisdiction. They will be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). In addition, the court does not reach the argument challenging Jember's standing since doing so is unnecessary.

## IV. ORDER

It is ordered that the amended pleadings at Docket Item Nos. 57 and 58, previously marked

by the clerk as received, are hereby deemed FILED and, together, constitute the operative pleadings in this action.

Based on the foregoing, Defendants' Motions to Dismiss (Docket Item Nos. 61, 63, 65) are GRANTED. Plaintiffs' claims under 42 U.S.C. §§ 1981, 1983 and 1985, and 18 U.S.C. § 241 are DISMISSED WITHOUT LEAVE TO AMEND. The claims for fraud are DISMISSED WITHOUT PREJUDICE.

Since this decision effectively resolves this action, a judgment consistent with this order will be entered in favor of Defendants. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  February 21, 2014

EDWARD J. DAVILA
United States District Judge